UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICKOLAS JOHN MCCAFFERTY

  Plaintiff,

v.

CITY OF SALINA, KANSAS, *et al.*,

  Defendants.

Case No. 24-1103-JWB-BGS

# REPORT AND RECOMMENDATION
# FOR DISMISSAL OF COMPLAINT

  Plaintiff Nickolas J. McCafferty filed this action pro se[1]. In conjunction with his federal court Complaint (Doc. 1), Plaintiff filed a Motion to Proceed without Prepayment of Fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP motion," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed). After review of Plaintiff's Complaint, however, the Court **RECOMMENDS** to the District Court that Plaintiff's claims against Defendants be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

## I. Standard of Review for IFP Complaints

  When a Plaintiff Proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding in forma pauperis, a court has a duty to

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In addition, the court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), aff'd, 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The Court will liberally construe the pleadings of a pro se plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the pro se plaintiff. *Hall*, 935 F.2d at 1110. *See also Haines v. Kerner*, 404 U.S. 519, 92

S.Ct. 594 (1972).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay*, 500 F.3d at 1217. In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested. Fed. R. Civ. P. 8(a).

Because the court will liberally construe the pleadings of a *pro se* plaintiff, the court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The court cannot, however, become an advocate for the *pro se* plaintiff. *Id.*

A *pro se* Plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege

sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974); *see also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A *pro se* plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id.*; *see also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II. Plaintiff's Claims and Factual Allegations

Plaintiff's pleadings are difficult to decipher. From what this Court can conclude from the complaint, Plaintiff brings this action against multiple defendants, including the Salina Police Department, the City of Salina, Salina Police Officer Solomon, Officer Solomon's three unnamed brothers, the Director of Academy Schooling, the Mayor of Salina, former Salina Police Officer Marshall, "Marc", and the CEO of Schwans (collectively the "Defendants"). Doc. 1, at 2. Plaintiff claims to proceed based on federal question jurisdiction under 28 U.S.C. § 1331 for alleged violation of his civil rights under 28 U.S.C. § 1343. Doc. 1, at 3. Moreover, Plaintiff states that jurisdiction is based upon, "Independence Missiouri [sic] Court House. Said a lot about the town That is corrupted and disgusting. Manhattan Kansas District house AG. Derek Schmidt said to put them on trail [sic], a bad group of people. Also the Judge from Missiouri [sic] said Derek won't help you." Plaintiff does not, however, set forth any specific statute or Constitutional provision which has been violated.

Plaintiff's mentions multiple factual allegations. These seem to include: (1) that he has been a target of police threats and harassment since 1997, which have deprived him of all things in life, including "socialization, girls, jobs, housing, work and [personal privacy]"; (2) that police have hacked his devices to steal his identity and passwords; (3) that two men raped three children while using drugs; and (4) that his federal civil rights were violated. Doc. 1, at 3. Plaintiff seemingly requests relief in the form of "a large settlement to [give] life a try", injunctive relief, clearing his driving record, and immunity. *Id.* at 4.

As support for his claim for monetary damages, Plaintiff alleges that the Defendants have tampered with his vehicles causing hm to be stranded, that police hacked his computer to edit the 300-page statement he had previously been working on and have harmed Plaintiff, as well as his possessions. *Id.* Moreover, it appears that Plaintiff claims that Defendants engaged in a casino scheme with the Plaintiff's mother and that Defendants engaged in mind control against Plaintiff. *Id.*

### III. Analysis

#### A. This Court has no Subject Matter Jurisdiction Plaintiff's Claims.

Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343. Doc. 1, at 3. "Section 1343 grants federal district courts jurisdiction to hear civil rights cases, but this statute does not specifically provide a cause of action." *See Smith v. G&W Foods*, No. 20-CV-2517, 2021 WL 1546222, at *4 (D. Kan. Apr. 20, 2021). Under this Title, a federal district court has original jurisdiction over actions to "redress [ ] deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any" Constitutional or statutory right of a United States citizen. 28 U.S.C. § 1343(a)(3). A party seeking to exercise jurisdiction under this section "must allege in his pleadings the facts essential to show jurisdiction." *Matthews v. YMCA*, No. 05-4033-SAC, 2005 WL 2663218, at *2 (D. Kan. Oct. 19, 2005) (quoting *Penteco Corp Ltd. P'ship–1985A v.*

*Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). "A mere assertion that defendants violated one's civil rights is not sufficient to demonstrate that the district court has jurisdiction under this statute." *Id.* (citing *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)).

Plaintiff's complaint does not specify which of, or by whom, his Constitutional or statutory rights have been violated by the law enforcement or municipal defendants. Moreover, Plaintiff has not asserted any discernible claim against the other private defendants. Consequently, Plaintiff's pleading fails to establish subject matter jurisdiction based on the presentation of a federal question under 28 U.S.C. §1331. To the extent that Plaintiff intends to invoke diversity jurisdiction, the complaint states that both Plaintiff and two named Defendants are citizens of Kansas, which means diversity does not exist.

Last, to the extent Plaintiff's claims relate to Missouri court proceedings, this Court does not have subject matter jurisdiction over such claims. Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

Plaintiff's pleading fails to establish subject matter jurisdiction based on the presentation of a federal question under 28 U.S.C. §1331 or based on diversity of the parties under 28 U.S.C. §1332. Accordingly, the undersigned **recommends** to the District Judge that Plaintiff's complaint be **dismissed** for lack of subject matter jurisdiction.

### B. Plaintiff's Complaint Fails to State a Claim upon which Relief may be Granted.

In the alternative, Plaintiff alleges that Defendants infringed upon his property and privacy rights by claiming that, since 1997, Defendants have deprived him of "all things in life" including "housing," personal privacy, "stealing idienty [sic], passwords, computer … tamper[ing] with many

6

of [Plaintiff's] vechiles [sic]," by harassing him and hacking into his computer to steal or tamper with his personal property. Doc. 1, at 3–4. Accepted as true, these actions could be construed as violations of Plaintiffs' constitutional rights. *See, e.g.*, *Stone v. Powell*, 428 U.S. 465, 482, 96 S. Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976) (internal citations and quotations omitted) ("The Fourth Amendment assures 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures'" and was "intended to protect the 'sanctity of a man's home and the privacies of life'"); *see also Tracy v. Ginzberg*, 205 U.S. 170, 178, 27 S. Ct. 461, 463 (1907) ("The Fourteenth Amendment protects against deprivation of property without due process of law" which "occurs when [such deprivation] results from the arbitrary exercise of power") (citation omitted). Moreover, Plaintiff seems to allege that some of these actions were taken by law enforcement or municipal actors, although Plaintiff does not attribute specific actions to specific defendants. Thus, for purposes of this argument, the Court will construe Plaintiff's complaint as one asserting claims under 42 U.S.C. § 1983.

Plaintiff's claims seem to allege that officers of the Salina Police Department engaged in the above conduct while employed by the Salina Police Department. However, "police departments…are not suable entities under § 1983 because they lack legal identities apart from the municipality." *Young v. City of Albuquerque*, 77 F.Supp.3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, No. CIV 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992)). The Salina Police Department is therefore not suable and should be dismissed as a Defendant with prejudice.

Plaintiff also seems to sue the City of Salina, Kansas or considers the Salina Police Department and the City of Salina the same entity. Doc. 1, at 1. To state a claim against a municipality under 42 U.S.C. § 1983, a Plaintiff must show: (1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged. *Poore v.*

7

*Glanz*, 724 Fed.Appx.635, 644 (10th Cir. 2018).  To the extent Plaintiff plead that Salina Police Department Officers engaged in a routine, or constant practice, only those violations which are a result of "official municipal policy" which are "made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy" are sufficient to attribute liability to a municipality. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770 (10th Cir. 2013).  Plaintiff has provided no set of factual allegations related which would suggest that the City of Salina employed an official policy or custom which particularly caused Plaintiff's injury.  Plaintiff's § 1983 claim against the City of Salina should therefore be dismissed for failure to state a claim upon which relief may be granted.

The Court should also dismiss the claims against Officers Solomon and Marshall.  To state a claim under 42 U.S.C. § 1983 against an individual in their official capacity, a Plaintiff must allege "that [the] person has deprived him of a federally protected right and [ ] the person who has deprived him of that right acted under the color of state law."  *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  When suing an individual under § 1983 in their *individual* or *personal* capacity, "the complaint [must] make clear exactly who is alleged to have done what to whom … as distinguished from collective allegations."  *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (citing *Kansas Penn Gaming, L.L.C. v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)).  Although it may be inferred from Plaintiff's pleadings that actions undertaken by Defendants violated his Fourth and Fourteenth Amendment rights, Plaintiff does not specify which of his federally protected rights *he* claims Defendants have violated, nor does he specify which defendant took those actions which may be said to have violated his constitutional rights.  Moreover, Plaintiff has set forth no factual matter to suggest that the officer Defendants acted under the color of state law or in their official capacity when violating such right.  Therefore, Plaintiff's § 1983 claims against the officers should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also includes, without naming, multiple individuals as Defendants in this suit, including officers of the Salina Police Department, Officer Solomon's three brothers, the Director of Academy Schooling, the Mayor of Salina, and the CEO of Schwans.  It is unclear what claims are being made against these defendants and who these defendants are.  Where a complaint attributes all actions to the "Defendants" or a collection of individuals without specifying what actions are attributable to each individual defendant, a claim fails to meet the requirements of Fed. R. Civ. P. 8 and should be dismissed for failure to state a claim upon which relief may be granted.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

In addition to Plaintiff's failure to sufficiently state a claim upon which relief may be granted, Plaintiff's § 1983 claims are likely barred by the statute of limitations.  Plaintiff claims that the actions which form the basis for this lawsuit began in 1997.  Doc. 1, at 3.  The statute of limitations applicable to § 1983 claims is governed by state law.  *See Board of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed. 440 (1980).  The events which led to this lawsuit took place in Kansas, where the applicable statute of limitations period for § 1983 claims is two years.  *See Snodgrass v. City of Wichita*, No. 123,486, 2022 WL 982008, at *6 (Kan. Ct. App. Apr. 1, 2022) (citing K.S.A. 60-513(a)(4) limiting tort actions to two-years).

However, when that statute of limitations begins to run (or "accrues") is determined by federal law, which states that "claimant's cause of action accrues when the claimant knew or had reason to know of the existence and cause of injury which is the basis for his action." *Kripp v. Luton*, 466 F.3d 1171, 1175-76 (10th Cir. 2006).  In other words, a § 1983 action accrues "when 'facts that would support the cause of action are or should be apparent.'" *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quotation omitted).  To maintain this action, Plaintiff must have become aware of, or should have become aware of, the factual basis for his claims after June 13, 2022.  Plaintiff has not alleged that the actions which gave rise to his claim did not become apparent to him until after

that date and has not plead any factual matter relating to the tolling of the statute of limitations. This implicates serious statute of limitations issues.

Given the dearth of factual information in the form Complaint, Plaintiff has failed to allege facts to support his potential claims against Defendants.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated July 17, 2024, at Wichita, Kansas.

/s BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge