IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICKOLAS JOHN MCCAFFERTY,

Plaintiff,

v.                                                            Case No.  24-1103-JWB

CITY OF SALINA, KANSAS et al.,

Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's objection (Doc. 6) to Magistrate Judge Brooks Severson's Report and Recommendation ("R&R") (Doc. 5) recommending dismissal of this action.  After review, the court ADOPTS the R&R and dismisses this action.

### I.      Facts

Plaintiff is proceeding pro se and filed this civil rights action against several Defendants, including the Salina Police Department, the City of Salina, Salina Police Officer Solomon, Officer Solomon's three unnamed brothers, the Director of Academy Schooling, the Mayor of Salina, former Salina Police Officer Marshall, "Marc," and the CEO of Schwans (collectively the "Defendants").  (Doc. 1 at 2.)  According to the complaint, Plaintiff is a citizen of Kansas and so are Defendants.  (*Id.*)  Plaintiff asserts that this court has jurisdiction under 28 U.S.C. § 1331 for violations of his civil rights under 28 U.S.C. § 1343.  Plaintiff's complaint, however, fails to identify which Constitutional or statutory right has been violated.  Instead, in the section stating that Plaintiff is to specify and state any statute which gives rise to his claim, Plaintiff states as follows: "Independence Missiouri [sic] Court House. Said a lot about the town That is corrupted and disgusting. Manhattan Kansas District house AG. Derek Schmidt said to put them on trail

1

[sic], a bad group of people. Also the Judge from Missouri [sic] said Derek won't help you." (Doc. 1 at 3.)  Plaintiff's factual allegations include stating that he was 10 years old in 1997 when he "became a target." *Id.*  Two men allegedly raped three children and one was a son of a police officer.  Plaintiff has allegedly been deprived of "all things in life," including "socialization, girls, jobs, [and] housing." *Id.*  He further alleges that someone has tampered with his vehicles on the highway and that officers have been hacking into and editing into his "statement." *Id.* at 4. Although Plaintiff identified several individuals and entities as Defendants, Plaintiff's facts are largely incoherent and do not identify who did what to whom.

Magistrate Judge Severson screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and entered an R&R recommending dismissal for lack of subject matter jurisdiction and for failure to state a claim.  The order states that Plaintiff has failed to identify a basis for his claim and therefore this court lacks subject matter jurisdiction.  (Doc. 5 at 6.)  Further, Magistrate Judge Severson found that Plaintiff's complaint failed to state a claim.  Finally, the court held that the court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine to the extent Plaintiff was challenging any decisions of a state court.

After the entry of the R&R, Plaintiff filed documents in this matter which the court liberally construes as an objection.  (Docs. 6, 8.)

## II.   Standard

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate.  *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing

*United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)

**III.    Analysis**

After the entry of the R&R, Plaintiff filed a document titled "The Last One."  (Doc. 6.)  It appears to be a book and a summary of Plaintiff's life.  Plaintiff has also included an exhibit to the document which include various photographs and documents with titles.  (Doc. 6-1.)  This exhibit includes the following: 1) a picture of "CIA Mind Control Operations;" 2) a picture of a summons issued to Plaintiff in a 2005 criminal case (in Manhattan, Kansas); 3) a 2011 citation from Independence, Missouri; 4) a 2012 citation from Jefferson City, Missouri; 5) a picture of Marc Marshall and Officer Solomon; 6) pictures of other officers; and 7) a photograph of female Salina police officers with the caption that "they are bad."  (*Id.*)  After the filing of this document, Plaintiff filed another copy of "The Last One" without the exhibits.  (Doc. 8.)

Plaintiff's filings fail to specifically address Magistrate Judge Severson's ruling.  Rather, it appears to be Plaintiff's attempt to add facts to his complaint.  Plaintiff, however, has not sought leave to amend his complaint nor has he submitted a proposed amended complaint.  The court finds that Plaintiff's filings are not proper objections to the R&R and will review the sufficiency of Plaintiff's complaint.

Plaintiff's complaint asserts that this court has jurisdiction under section 1343 which grants federal district courts jurisdiction to hear civil rights cases.  Under § 1343, the court has jurisdiction over actions to "redress [ ] deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any" constitutional or statutory right.  This is purely a jurisdictional statute. *See Smith v. G&W Foods*, No. 20-CV-2517, 2021 WL 1546222, at *4 (D. Kan. Apr. 20, 2021). Plaintiff must allege facts concerning a violation of the Constitution or another federal law for this court to have jurisdiction over the action.  *Id.*  He has not done so here.  Therefore, he has failed to show that this court has federal question jurisdiction and his complaint is subject to dismissal. Moreover, Plaintiff's recent filings indicate that his complaint involves alleged misconduct in prior state criminal actions.  This court would lack jurisdiction over these unidentified claims under the *Rooker-Feldman* doctrine.   *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019).

To the extent that Plaintiff's recent filings are an attempt to add facts for this court's consideration, the court declines to allow an amendment.  His recent filings are very difficult to follow, include several conclusory allegations, and fail to identify who did what to whom. Therefore, the court declines to provide Plaintiff with an opportunity to amend.  However, because the court has determined it lacks jurisdiction, the dismissal will be without prejudice.

**IV.   Conclusion**

For the reasons stated in Magistrate Judge Severson's R&R and the reasons stated herein, the court finds that Plaintiff's complaint fails to establish subject matter jurisdiction.  Plaintiff's complaint  is  dismissed  without  prejudice.   Magistrate  Judge  Severson's  R&R  is  hereby

ADOPTED with respect to the issue of subject matter jurisdiction, and this matter is DISMISSED

WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 16th day of August, 2024.

_s/ John W. Broomes_____

JOHN W. BROOMES

UNITED STATES DISTRICT JUDGE